**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALTER DOMUS (US) LLC,

      Plaintiff,

v.

LARRY J. WINGET and
JVIS-USA, LLC ,

      Defendants.

No. _____

Honorable _____

**COMPLAINT**

Alter Domus (US) LLC (the "Agent"), by and through its attorneys, states the following for its complaint against Larry J. Winget ("Mr. Winget") and JVIS-USA, LLC ("JVIS").

## **INTRODUCTION**

1.     This action for relief arises from and is related to the Agent's effort to collect on the judgment against Larry J. Winget and the Larry J. Winget Living Trust (the "Trust"), entered in the Agent's favor on July 28, 2015 and subsequently amended on June 21, 2018, in the matter of *Alter Domus LLC v. Larry J. Winget, et al.*, Case No. 2:08-cv-13845 (E.D. Mich.) (Lawson, J.). While the Agent was seeking to collect against the Trust, Mr. Winget revoked the Trust and retitled all of the Trust's interests and property in his own name, including the interests the Trust held in JVIS. During the time Mr. Winget held those interests in JVIS, JVIS issued two promissory notes worth $150,000,000 plus interest (hereinafter referred to as the "Notes"). Mr. Winget later reinstated the Trust but did not return the promissory notes to the Trust. After the Special Master recommended awarding a constructive trust over the Notes—and unbeknownst to the District Court, the Special Master, or the Agent—Mr. Winget materially amended the Notes to the detriment of any subsequent holder, removing the obligee's right to demand payment in full before the maturity of the Notes, delaying the maturity of the Notes for three years, and preventing the Agent from securing interest on the Notes pending payment. In July

1

2022, the Sixth Circuit Court of Appeals affirmed this Court's ruling giving the Notes to the Agent. It was only after the Agent took physical possession of the Notes in October 2022 did the Agent learn that Mr. Winget and JVIS had amended the Notes. The amendment of the Notes was a fraudulent transfer that has harmed the Agent by diminishing the value of the Notes.

## THE PARTIES

2. Plaintiff Alter Domus (US) LLC is a limited liability company formed under the Delaware Limited Liability Company Act. Its sole member is Alter Domus Inc., a Delaware corporation with its principal place of business in Illinois.

3. Defendant Larry J. Winget is an individual domiciled in Michigan.

4. Defendant JVIS-USA, LLC is a limited liability company organized in Michigan and formed under the Michigan Limited Liability Company Act. Its sole member is the Larry J. Winget Living Trust, which is a trust organized under the laws of Michigan. Defendant Larry J. Winget is the trustee of the Trust.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff and Defendants are citizens of different States and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

7. This lawsuit is related to another lawsuit pending before this Court, *Alter Domus LLC v. Larry J. Winget, et al.*, Case No. 2:08-cv-13845 (E.D. Mich.) (Lawson, J.).

## FACTUAL ALLEGATIONS

8. Effective January 1, 2014, Mr. Winget revoked the Trust while the Agent was litigating against Mr. Winget and the Trust for breach of a contract guaranty.

9. Mr. Winget's revocation of the Trust resulted in a transfer of all assets held in the Trust, including the interests the Trust held in JVIS, such that the Trust no longer held any assets or property.

10. On July 28, 2015, this Court entered an amended final judgment against Mr. Winget and the Trust on the breach of contract guaranty claim, after concluding that recourse against the Trust was not limited.

11. Despite the Court's amended final judgment, Mr. Winget retitled the membership that the Trust had held in JVIS in 2016. The JVIS members became Mr. Winget personally, and a new grantor retained annuity trust (the "GRAT") for which Mr. Winget was the trustee.

12. In 2018, Mr. Winget acknowledged during a deposition that he controlled JVIS.

3

13.   Effective June 29, 2017, JVIS issued two promissory notes totaling $150,000,000: one to the GRAT for $135,000,000 and one to Mr. Winget personally for $15,000,000 (referred to collectively as the "Notes").

14.   Each Note contained the following provisions:

   a.  made JVIS the obligor;

   b.  established an interest rate of 3% per annum, payable to the obligee on the last calendar date of each year;

   c.  established that if JVIS defaulted, the interest rate would increase to 10% per annum; and

   d.  called for the payment of the principal balance to be payable either on July 1, 2020 or upon demand by the obligee.

15.   On February 26, 2018, Mr. Winget reinstated the Trust and assigned the GRAT's $135,000,000 Note to himself, not to the Trust.

16.   Mr. Winget did not assign the $15,000,000 Note to the Trust.

17.   On October 9, 2018, the Agent moved for a constructive trust on all distributions that Mr. Winget had taken from former Trust-owned LLCs during the period that the Trust been revoked, including the Notes.

18.   In March 2020, the Special Master recommended awarding the Agent a constructive trust over the Notes.

19.     Despite the Special Master's recommendation, just three months later, on June 30, 2020, Mr. Winget amended the Notes. The amendments eliminated the obligee's right to demand payment in full before the new maturity date of July 1, 2023 and eliminated the obligee's right to recover interest before the maturity date arrived (hereinafter referred to as the "Amendments"). On information and belief, Mr. Winget received no reasonable equivalent value for transferring away these rights.

20.     Mr. Winget did not disclose these changes to the District Court or the Special Master. Nor did Mr. Winget disclose these changes to the Agent, which had issued discovery requests to Mr. Winget related to the Notes in April 2020, and Mr. Winget responded to the Agent in May 2020 that the only documents related to the Notes had already been produced. Mr. Winget never supplemented or revised his responses to the Agent's discovery requests.

21.     On January 5, 2021, the District Court granted the Agent's motion for summary judgment in part, finding that the Notes had unjustly enriched Mr. Winget and that they were held in the constructive trust for the benefit of the Agent.

22.     Final judgment issued on June 1, 2021.

23.     To stay enforcement of the District Court's judgment, Mr. Winget placed the Notes into escrow.

24.     On July 1, 2022, the Sixth Circuit affirmed the grant of a constructive trust over the Notes.

25.     The Notes were released from escrow on October 5, 2022 and assigned to the Agent pursuant to the Sixth Circuit's mandate and the terms of the escrow.

26.     Only once the Notes were released did the Agent discover the Amendments, over two years after the Amendments.

### COUNT I – AVOIDANCE OF THE AMENDMENTS PURSUANT TO MICHIGAN'S UNIFORM VOIDABLE TRANSFER ACT, M.C.L. § 566.31 *et seq.*

27.     Plaintiff restates and realleges the allegations set forth in Paragraphs 1 through 26 above, as if set out in full herein.

28.     Mr. Winget's Amendments constituted a fraudulent transfer as to the Agent based on, among other factors, the following:

   a.  Mr. Winget is a person under the Michigan Act;

   b.  Mr. Winget made a transfer in the form of the Amendments to the Notes by taking away the obligee's right to demand payment in full before the maturity of the Notes, delaying the maturity of the Notes for three years, and preventing the Agent from securing interest on the Notes while the postponed maturity date was pending;

   c.  The Agent was and is Mr. Winget's creditor; and

6

    d. Mr. Winget made the Amendments with actual intent to hinder, delay, or defraud the Agent, based on, among other factors, the following "badges of fraud":

       i. The transfer was made to JVIS, an insider;

       ii. The transfer was made while Mr. Winget was embroiled in litigation over the Notes;

       iii. Mr. Winget concealed the transfer from the District Court, Special Master, and the Agent; and

       iv. On information and belief, Mr. Winget did not receive reasonably equivalent value in exchange for giving away the obligee's valuable entitlements.

WHEREFORE, the Agent respectfully requests this Court to enter an order granting the following relief:

A. Enter a judgment that the Amendments by Mr. Winget were actually fraudulent and authorize the remedies available under M.C.L. § 566.37 and/or M.C.L. § 566.38;

B. Award the Agent such other relief under M.C.L. § 566.31 *et seq.* as the Court deems just;

C. Award the Agent's fees, costs, and expenses as authorized and required under Section 14 of the Guaranty; and

D. Award the Agent such other relief as the Court deems just.

February 22, 2023                          Respectfully Submitted,

                                           */s/ James W. Ducayet*
                                           James W. Ducayet
                                           Kendra L. Stead
                                           Paul E. Bateman, Jr. (P78526)
                                           Jennifer M. Wheeler
                                           Daniel Epstein (*admission forthcoming*)
                                           Emily Scholtes
                                           Kelsey Annu-Essuman
                                           SIDLEY AUSTIN LLP
                                           One South Dearborn Street
                                           Chicago, IL 60603
                                           (312) 853-7000

                                           Aaron V. Burrell
                                           Scott A. Petz
                                           Dickinson Wright PLLC
                                           500 Woodward Avenue
                                           Suite 4000
                                           Detroit, MI 48226
                                           (313) 223-3500

                                           Attorneys for Plaintiff Alter Domus (US)
                                           LLC