UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALTER DOMUS, LLC,

        Plaintiff/Counter-Defendant,        Case Number 23-10458

v.        Honorable David M. Lawson

LARRY J. WINGET,

        Defendant,

and

JVIS-USA, LLC,

        Defendant/Counter-Plaintiff.

_____/

**OPINION AND ORDER DENYING MOTION TO ADD PARTY**

This case is an outgrowth of marathon litigation between a collecting agent, Alter Domus, LLC, and the Larry J. Winget Living Trust that has been pending in this Court for over fifteen years. *See Alter Domus v. Winget*, No. 08-13845. The Agent (actually, its predecessor, JPMorgan Chase) obtained a judgment in that case against the Winget Trust, which remains unsatisfied. This new complaint apparently was prompted by the Agent's belief that Larry J. Winget unlawfully materially altered promissory notes between Winget and defendant (and counter-plaintiff) JVIS-USA, LLC, which the Agent contends are assets that should be available to satisfy the judgment. JVIS filed a counterclaim to recover the promissory notes and now moves to join the Trustee of the Larry J. Winget Living Trust — the same Larry J. Winget — as a necessary party defendant to its counterclaim. But JVIS is an entity owned and controlled by the Winget Trust. JVIS insists (without irony) that joinder is necessary for judicial efficiency and to protect the Trust's interest in satisfying Alter Domus's judgment against it. But the joinder motion plainly is an effort to gum up the judicial works, as Winget-as-Winget and Winget-as-Trust have done for almost two decades

in the underlying case. Moreover, it is not clear what interests Winget-as-Trustee would exert in this case, how they would be at odds with Winget's other interests in his other represented capacities, or what counterclaims JVIS would plead against Winget-as-Trustee; and the motion does not shed any light on these questions. The motion is fully briefed, and oral argument will not assist in its resolution. The Court will decide the motions on the papers submitted. E.D. Mich. LR 7.1(f)(2). For the reasons noted, the motion for joinder will be denied.

I.

The facts of the underlying dispute are familiar to the parties. *See, e.g.*, *JPMorgan Chase Bank, N.A. v. Winget*, No. 08-13845, 2021 WL 37479 (E.D. Mich. Jan. 5, 2021), *aff'd in part, rev'd in part*, No. 21-1568, 2022 WL 2389287 (6th Cir. July 1, 2022), *cert. denied sub nom. Winget v. Alter Domus, LLC*, No. 22-561, 2023 WL 350029 (U.S. Jan. 23, 2023). In 2003, Venture, a holding company owned by defendant Larry Winget, filed for bankruptcy. The administrative agent for Venture's lenders — then JPMorgan Chase, now Alter Domus — sued both Winget and the Larry J. Winget Living Trust to recover a debt Venture owed under a guaranty agreement. Through previous decisions by this Court and the court of appeals, Winget's exposure under the guaranty has been limited to $50 million, which he has paid, but the Trust's liability has not similarly been limited. Winget is the settlor, trustee, and sole beneficiary of the Trust. Winget-as-Trustee has never been named as a party to any of the actions to establish or collect the debt.

A.

The following facts are taken from the complaint, with reference for context to prior decisions by this Court and by the court of appeals.

In 2014, nearly six years after the Agent sued to recover the debt owed under the guaranty, Winget secretly revoked the Winget Trust and removed all trust assets, including the interest the Trust held in certain limited liability companies. Winget revealed the revocation when he sought

a declaratory judgment that would establish that, with the revocation, the Agent had no further recourse against him or the assets that were once held in the Trust. The Agent counter-claimed, arguing that the revocation amounted to a fraudulent transfer under the Michigan Uniform Fraudulent Transfer Act. The Court agreed with the Agent and granted its motion for judgment on the pleadings. *See Winget*, 2022 WL 2389287, at *1.

In response, Winget rescinded his revocation and retitled all of the property to the Trust. However, the Agent later learned that, before Winget reinstated the Trust, the limited liability companies that had been held in the Trust distributed hundreds of millions of dollars in cash and promissory notes to Winget. *Id.* at *2. Relevant here is the distribution of the promissory notes, which was made by JVIS-USA, LLC, now a defendant in this case. The Trust was the sole member of JVIS until 2016, when Winget improperly retitled the Trust's membership in JVIS to make himself and a new grantor retained annuity trust (the "GRAT") the members of the LLC. Compl., ¶ 11, ECF No. 1, PageID.4. He also made himself the trustee of the GRAT. *Ibid*. Then, on June 29, 2017, JVIS issued $150 million in promissory notes — one to the GRAT for $135 million, and one to Winget personally for $15 million. *Id.* at ¶ 13, PageID.5. The notes called for the payment of the principal balance to be made either on July 1, 2020 or upon demand by the obligee. When Winget reinstated the Trust, he did not return the promissory notes to the Trust, but rather assigned the $135 million note to himself. *Id.* at ¶ 15. However, he did retitle the LLC's membership interests to make the Trust, again, the sole member of JVIS.

After Winget reinstated the Trust, the Agent requested entry of charging orders with respect to the LLC membership interests held by the Trust. The Court granted the motions and entered the requested charging orders. The Sixth Circuit affirmed. *See JPMorgan Chase Bank, N.A. v. Winget*, 942 F.3d 748, 751-52 (6th Cir. 2019).

The Agent also sued Winget for unjust enrichment and sought a constructive trust over all of the distributions made during the revocation period, after Winget revoked the Trust but before he rescinded the revocation. The Court granted the Agent summary judgment and ordered the imposition of a constructive trust over the distributions — including $104,775,478 in cash and the $150 million in promissory notes. It also ordered that Winget immediately assign the promissory notes to the Agent and pay to the Agent $22.5 million JVIS had paid on the notes. *JPMorgan Chase Bank, N.A. v. Winget*, No. 08-13845, 2021 WL 37479, at *11 (E.D. Mich. Jan. 5, 2021). On June 1, 2021, the Court entered a final judgment on the fraudulent-transfer claim and the unjust-enrichment claim. *See Winget*, 2022 WL 2389287, at *2; *Alter Domus v. Winget*, No. 08-13845 (E.D. Mich. Jun. 1, 2021) (amend. judgment). Winget placed the cash distributions and promissory notes in escrow while he appealed the rulings.

On July 1, 2022, the Sixth Circuit issued a split decision affirming the Court's fraudulent transfer ruling and affirming its unjust enrichment ruling it part. *Winget*, 2022 WL 2389287, at *11. It agreed that Winget's revocation of the Trust constituted a fraudulent transfer executed to put the Trust's assets beyond the reach of the Agent. *Id.* at *5. It also agreed that Winget was unjustly enriched by the LLC distributions he received during the revocation period, including the promissory notes issued by JVIS. *Id.* at *6-9. The Court found that, but for the fraudulent revocation, the Trust — not Winget — would have been the member of JVIS, and thus the Trust would have loaned JVIS cash and received the promissory notes in return. *Id.* at *7. The court concluded that the notes belonged to the Trust and were subject to the charging orders that the Court previously entered. *Ibid.*

Following the Sixth Circuit's ruling, the Agent obtained the promissory notes from escrow. Compl., ¶ 25, ECF No. 1, PageID.7. Upon doing so, it discovered that Winget and JVIS had

amended the terms of the notes on June 30, 2020. *Id.* at ¶ 19, PageID.6. The changes include an extension of the notes' maturity date to July 1, 2023 and the removal of the notes' pay-on-demand requirement. *Id.* at ¶ 19. The effect is that the noteholder no longer may insist on payment in full at any time prior to maturity. The Agent responded by filing this lawsuit, which asserts a claim against Winget and JVIS under Michigan's Uniform Voidable Transfer Act. The Agent contends that the amendments constitute a fraudulent transfer because they were made with actual intent to hinder or defraud the Agent while Winget was embroiled in litigation over the notes.

B.

The following facts are alleged in JVIS's counterclaim.

JVIS supplies automobile components to equipment manufacturers. The Winget Trust holds the membership interests in JVIS. Between 2006 and 2016, JVIS needed capital to grow its business, so it asked Winget to loan back the more than $150 million in cash distributions it made to Winget as the beneficial owner of the Trust's membership interests during that period. JVIS memorialized the loans in the June 29, 2017 promissory notes discussed above.

According to JVIS, its business ground to a halt in 2020 due to the COVID-19 pandemic, and JVIS needed capital to preserve its operations. It therefore asked Winget to drop the demand features of the notes and extend the maturity date to July 1, 2023. JVIS and Winget amended the notes accordingly and included language indicating that the purpose of the amendments was to preserve JVIS.

JVIS concedes that the Sixth Circuit found that the Agent was entitled to the promissory notes under the charging orders. *See Winget*, 2022 WL 2389287, at *7. However, it construes that finding to mean that the promissory notes were not loans Winget made to the company, but rather distributions of indebtedness by JVIS. *See* Counterclaim, ¶ 12, ECF No. 16, PageID.52. And it contends that said distributions violated the Michigan LLC Act, Mich. Comp. Laws § 450.4507(1),

because they made JVIS insolvent. *Id.* at ¶ 14. JVIS thus filed a counterclaim for a declaratory judgment that the notes were unlawful distributions, and the Agent is barred from enforcing them. It also alleges that it has the right to recover any payments it made on the notes, including a $22.5 million payment now in the possession of the Agent. JVIS contends that the payment was unlawful and must be returned under Michigan Compiled Laws §§ 450.4307(1) and (7).

C.

On May 2, 2023, JVIS filed a motion to add the Trustee of the Winget Trust — i.e., Larry Winget — to this case as a counter-defendant under Rule 19(a)(1)(B) of the Federal Rules of Civil Procedure. Defense counsel for Winget concurred with JVIS's motion and the relief sought. The Agent opposes the motion.

II.

JVIS argues that the Trustee must be added as a counter-defendant because the Trustee has an interest in the promissory notes at issue in JVIS's counterclaim and the complaint. It reasons that the notes are part of the Agent's judgment against the Trust, and if JVIS's counterclaim is successful, the Trust will have a diminished ability to satisfy that judgment. And even if it is not, JVIS maintains that the amendments to the notes will impact JVIS's ability to pay on the notes. JVIS maintains that disposing of this action without the Trustee's presence and participation therefore would impair the Trustee's ability to protect its interest in the notes. JVIS also says that it would be more efficient to join the Trustee, because otherwise the Trustee might collaterally attack the judgment after this litigation concludes.

The joinder rules compel plaintiffs to sue all persons who are necessary and indispensable to the adjudication of the case. *Local 670 v. International Union, United Rubber, Cork, Linoleum and Plastic Workers of America*, 822 F.2d 613, 618 (6th Cir. 1987). Rule 19 of the Federal Rules

of Civil Procedure governs "required joinder" of parties. "Assessing whether joinder is proper under Rule 19 is a three-step process." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004) (citations omitted). First, the Court must determine whether the person or entity is a necessary party under Rule 19(a). *Ibid.* (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990)). Second, if the person or entity is a necessary party, the Court must decide if joinder of that person or entity will deprive the Court of subject matter jurisdiction. *Ibid.* (citing *W. Maryland Ry. Co. v. Harbor Ins. Co.*, 910 F.2d 960, 961 (D.C. Cir. 1990)). And third, if joinder is not feasible because it will eliminate the Court's ability to hear the case, the Court must "analyze the Rule 19(b) factors to determine whether the court should 'in equity and good conscience' dismiss the case because the absentee is indispensable." *Ibid.* (quoting *W. Maryland Ry. Co.*, 910 F.2d at 961).

JVIS does not make it past the first stage of the analysis, as Winget-as-Trustee is not a necessary party to this litigation.

Under Rule 19, a person "must" be joined as a party if "in the person's absence complete relief cannot be accorded among existing parties," or, as relevant here, "the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may . . . impair or impede the person's ability to protect the interest, or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." *Local 670*, 822 F.2d at 618 (quoting Fed. R. Civ. P. 19(a) (1987)). "If the absent party has a legally protected interest in the subject matter of the action — i.e., he is a party to a contract at issue — he falls squarely within the terms" of Rule 19(a)(1). *Onyx Waste Servs., Inc. v. Mogan*, 203 F. Supp. 2d 777, 786 (E.D. Mich. 2002) (Zakoff, J.) (quoting *Burger King Corp. v. American National Bank and Trust Co. of Chicago*, 119 F.R.D. 672, 675 (N.D. Ill. 1988)). However, the rule "only requires that the absent party have an

interest '*relating* to' the subject matter of the action, not that the absent party have a direct interest in the action at bar." *Ibid.* (quoting Fed. R. Civ. P. 19(a)(1)(B)).

There is "no precise formula" for determining whether a nonparty is necessary to an action under Rule 19(a). Wright, Miller, & Kane, 7 *Fed. Prac. & Proc. Civ.* § 1604 (3d ed.). Instead, courts make the decision "in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them." *Ibid.* None of these principles weigh in favor of joining the Trustee as a counter-defendant in this case.

To start, the Trustee does not have a legally protected interest in the promissory notes, in the sense that he is neither the obligor nor the obligee of the notes. JVIS originally issued the notes to Winget, and the Court since has ordered Winget to assign his interest in the notes to the Agent. Although that order followed from rulings that the promissory notes belong to the Trust and are subject to the Court's charging orders, *see Winget*, 2022 WL 2389287, at *7, the Court did not make the Trust the obligee of the notes. Rather, it made the Agent the obligee, in satisfaction of the Agent's judgment against the Trust. Based on the allegations in the complaint and counterclaim, it is easy to determine, therefore, that the Court can accord complete relief to the existing parties to the case, even in the absence of Winget-as-Trustee in this case. *See* Fed. R. Civ. P. 19(a)(1)(A).

Looking now to Rule 19(a)(1)(B), the Trustee has interests "relating to" the promissory notes only in that the assignment of the promissory notes and delivery of any money paid on the notes satisfies part of the judgment against the Trust. In considering whether proceeding without the Trustee would impair that interest, "a threshold question" is whether the Trustee "has come forward to claim an interest" in this case. *Phillips v. Sun Life Assurance Co. of Canada*, No. 20-

00937, 2022 WL 16964176, at *3 (S.D. Ohio Nov. 16, 2022) (collecting cases for the proposition that an absent party must affirmatively assert an interest under Rule 19). The Sixth Circuit has indicated that the absent party must affirmatively claim an interest relating to the subject matter. *See Sch. Dist. of City of Pontiac v. Sec. of the U.S. Dep't of Educ.*, 584 F.3d 253, 266 (6th Cir. 2009) (denying motion for joinder where States "had the opportunity to intervene . . . but declined to participate"); *Century Bus. Servs., Inc. v. Bryant*, 69 F. App'x 306, 311 (6th Cir. 2003) ("A party is not 'necessary' where it has not claimed an interest in the outcome of an action and complete relief can be ordered in its absence."); *Ammex, Inc. v. McDowell*, 443 F. Supp. 3d 863, 876 (E.D. Mich. 2020) (finding that the absent entity did not have a strong interest in the litigation because it did not seek to intervene), *aff'd*, 24 F.4th 1072 (6th Cir. 2022); *Munson Hardisty, LLC v. Legacy Pointe Apartments, LLC*, No. 15-00547-, 2022 WL 4390636, at *7 (E.D. Tenn. Sept. 22, 2022) (denying a motion for joinder of a trustee because it "has not come forward and claimed an interest" that the trust has in the lawsuit). "Other courts have also routinely held that Rule 19(a) by its plain language demands that the absent party affirmatively claim an interest relating to the subject matter of the lawsuit." *Abriq v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 17-00690, 2018 WL 10152572, at *2 (M.D. Tenn. Mar. 29, 2018) (collecting cases).

The parties dispute whether the Trustee himself has come forward to assert an interest in this case. JVIS contends that he has based on Winget's concurrence in this motion to join the Trustee through "[c]ounsel for Defendant Larry J. Winget." Mot., ECF No. 18, PageID.87. Winget concurred in his personal capacity under Local Rule 7.1, which requires movants to ascertain whether a contemplated motion will be opposed. *See* E.D. Mich. L.R. 7.1. JVIS says that is good enough, and contends, in a novel application of the local rule, that the Court should construe Winget's concurrence as the Trustee's affirmative assertion of a claim. However, JVIS

— whose sole member is the Trust — *also* maintains that the Court must treat Winget individually and Winget-as-Trustee as separate entities for the purposes of this motion. JVIS's desire to have it both ways just lends confusion to the litigation.

Winget-as-Trustee's interests will be adequately represented by the existing parties in this litigation, but that is not a proper consideration at this stage of the analysis under Sixth Circuit law, as it would be in other circuits. *Compare Glancy*, 373 F.3d at 666-70, *with Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Flanders-Borden*, 11 F.4th 12, 17 (1st Cir. 2021) (finding interests of absent party to be adequately represented by an existing party); *Ohio Valley Environmental Coalition v. Bulen*, 429 F.3d 493, 505 (4th Cir. 2005) (same); *J.P. Morgan Chase Bank, N.A. v. McDonald*, 760 F.3d 646, 653 (7th Cir. 2014) (same); *Washington v. Daley*, 173 F.3d 1158, 1167 (9th Cir. 1999) (same). Nevertheless, JVIS's insistence that Winget can speak for the Trustee in this matter undermines its remaining arguments for joinder. There is little need to protect the Trustee "from the possible prejudicial effect of deciding the case without" him, 7 *Fed. Prac. & Proc. Civ.* § 1604 (3d ed.), because the Trustee presumably would not be prejudiced if JVIS's counterclaim succeeds. Neither JVIS, nor Winget, nor the Trustee have specified or even suggested what claims JVIS might plead against the Trustee or provided any details that elucidate how the Trustee's interests might be impaired in this case. A logical explanation for this silence is that the Trustee would not oppose JVIS's counterclaims and would not argue that the Agent should give up the promissory notes or the payments JVIS made on them. Both Winget and the Trust have argued for years that the promissory notes should belong to Winget. *See* Obj. to Special Master Report, *Alter Domus v. Winget*, ECF No. 963 (E.D. Mich. Apr. 8, 2020) (arguing that Winget was not unjustly enriched by the promissory notes and that Winget should not have to forfeit the notes); *Winget*, 2022 WL 2389287, at *5-7 (rejecting Winget's appeal of the imposition

of a constructive trust over the promissory notes). The Court would need to suspend all belief — and develop amnesia — to infer from JVIS's motion that the Trustee now believes otherwise. *See Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1347 (6th Cir. 1993) (noting that district courts are not required to find a party necessary "based on patently frivolous claims").

For like reasons, joinder also would not advance judicial efficiency. JVIS says that joinder of the Trustee would avoid multiple lawsuits, raising the specter of the Trustee collaterally attacking the Court's ruling for unspecified reasons at a later date. But what suit would the Trustee later file? Is there any possibility that, if JVIS recovers the promissory notes, the Trustee would file an action against JVIS for frustrating its ability to satisfy the Agent's judgment? The 15-year record in the underlying case emphatically suggests not. Again, Winget and the Trust repeatedly challenged the validity of the judgment in *Alter Domus v. Winget*, No. 08-13845, and the Agent alleges that Winget repeatedly frustrated the Agent's efforts to obtain the promissory notes or demand that the notes be paid in full. There is no reason to expect that Winget-as-Trustee will proceed differently as a counter-defendant, and JVIS does not offer one. And there is absolutely no reason to expect that JVIS will find itself "subject to inconsistent judgments" or at "substantial risk of double, multiple, or inconsistent obligations." *Intercept Sec. Corp. v. Code-Alarm, Inc.*, 164 F.R.D. 215, 220 (E.D. Mich. 1995). The Court is left to conclude that JVIS's motion is yet another effort to complicate this matter and thwart the Agent's collection efforts.

The Trustee may have an interest in the promissory notes at issue, but JVIS's motion is silent as to how the Trustee's absence impairs his ability to protect that interest, or why the Trustee's joinder is necessary to promote judicial efficiency and avoid multiple litigation. The Trustee is not a necessary party to JVIS's counterclaim within the meaning of Rule 19(a)(1)(B).

Because the Trustee is not a required party under Rule 19(a), the Court need not proceed to consider whether joinder would deprive it of subject matter jurisdiction, *Local 670*, 822 F.2d at 618, or whether joinder would be feasible. Nor must the Court address the question of whether the Trustee is indispensable. A person is only indispensable if it is both necessary to the action and joinder "*cannot* be effected." *Glancy*, 373 F.3d at 666 (quoting 4 James Wm. Moore et al., *Moore's Federal Practice,* § 19.02[3][c], at 19-22 (3d ed. 2003).

Adding another Winget persona to this lawsuit is neither necessary nor helpful to the resolution of this case.

### III.

Counter-plaintiff JVIS-USA, LLC has not shown that Larry J. Winget as Trustee of the Larry J. Winget Living Trust is a required party to this lawsuit.

Accordingly, it is **ORDERED** that the defendant's motion to add a party (ECF No. 18) is **DENIED**.

It is further **ORDERED** that the hearing on this motion presently scheduled for June 27, 2023 is **CANCELLED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: June 15, 2023